[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before this court is simple, or maybe not that simple. The parties were divorced on July 29, 1988. As part of the judgment the wife was to pay to the husband $104,000, based upon his transfer of the home, at the time of her remarriage. Fifty thousand dollars of her obligation was satisfied and we are left with the following:
 (b) $54,000 secured by a mortgage note at 4% simple interest. . .
The simple question is what is meant by simple interest. It is the wife's position that simple interest means just that and that she owes 4% x $54,000 = $2,160. As the wife so forcefully points out simple is simple, it is not annual nor is it compound interest proclaiming from the rooftops the recent presidential maxim keep it simple stupid (KISS).
Not to be out simplified the defendant claims that 4% simple interest is somewhat complicated since the language itself lends to the interpretation that simple simply means CT Page 3485 per annum. He bases his position on the proposition that if the drafter meant that it was a one time simple interest computation they would have simply said so. His second argument is that custom and practice indicate that the simple interest is taken to mean per annum within the legal profession.
Simply spoken each side weighed in with a plethora of cases to support their positions. Unfortunately most of the cases were antediluvian which basically leaves the court to figure out this dilemma inside a conundrum.
It should be noted that during judgment of dissolution both sides were represented by counsel. Mysteriously the original counsel cannot remember what was meant by simple interest at the time of the drafting of the agreement. In court each side offered selective memory to support their present positions.
In reviewing the clause "simple interest" this court's interpretation must be based upon a fair and reasonable construction of the written words. The language must be accorded its common, rational and ordinary meaning. Although the paragraph in question simply calls for simple interest this court can't avoid the fact that there are time related events tied to the triggering of the interest payment. If it was to be a simple one time cost the paragraph was constructed very ambiguously. Under the plaintiff's reasoning if an event, such as remarriage, took place a mere day after the divorce the entire amount would have been due and owing. When the court is confronted with two interpretations of an agreement the more reasonable one must be adopted. The court must also weigh the fact that the plaintiff's wordsmith drafted the document. Simply speaking this court finds that simple interest is not simple interest but must be computed on a per annum basis in order to give the language its common, rational and ordinary meaning. The court finds that the plaintiff owes $9,019.00 interest. Counsel fees and costs are denied for both parties.
Norko, J. CT Page 3486